IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRENCE RHODETRIC PHILLIPS, TDCJ #1678457, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-2861 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, | § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Terrence Rhodetric Phillips (TDCJ #1678457), has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief under 28 U.S.C. § 2254 from a state court judgment of conviction. After considering all of the pleadings and the applicable law, the court will dismiss this action for the reasons explained below.

## I.   Background

Phillips is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a 2010 conviction in Harris County cause number 1216069. A jury in the 174th District Court for Harris County, Texas, convicted Phillips of possessing cocaine and sentenced him to 35 years' imprisonment. The conviction was affirmed on direct

appeal in an unpublished opinion.  See Phillips v. State, No. 14-10-016043-CR, 2012 WL 113047 (Tex. App. — Hous. [14th Dist.] Jan. 12, 2012, pet. ref'd).

In his pending federal habeas Petition Phillips contends that he is entitled to relief for the following reasons:  (1) The prosecutor engaged in misconduct by bolstering her case during voir dire; (2) he was denied a fair trial by a "rational and impartial" jury; and (3) the prosecutor violated his Fifth Amendment rights during voir dire by commenting on a defendant's right not to testify.[1]

Court records reflect that Phillips has filed a previous federal habeas corpus petition to challenge the same conviction. The court granted the respondent's motion to dismiss that petition with prejudice on March 30, 2015.  See Phillips v. Stephens, Civil No. H-14-2365 (S.D. Tex.).  Phillips did not pursue an appeal.

## II.  Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief.  Before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the

---

[1]Petition, Docket Entry No. 1, pp. 6-7.

application.  See 28 U.S.C. § 2244(b)(3)(A).  If the pending Petition qualifies as a successive writ, the court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).  A subsequent application is "second or successive" when it (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition" or (2) "otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000).  The claims raised by Phillips in this case are the same as the ones presented in his earlier habeas corpus proceeding.[2]  Thus, the pending Petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte.  See Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997).  Because the pending Petition is successive, Phillips is required to seek authorization from the Fifth Circuit before this court can consider his application. See 28 U.S.C. § 2244(b)(3)(A).  "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district

_____

[2]Petition, Docket Entry No. 1 in Civil No. H-14-2365, pp. 6-7.

-3-

courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)). Phillips has not presented the requisite authorization. Absent such authorization, this court lacks jurisdiction over the Petition. Id. at 775. Accordingly, the Petition must be dismissed as an unauthorized successive writ.

### III.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds, the

-4-

petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, <u>sua sponte</u>, without requiring further briefing or argument.   <u>See</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).   For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the Petition in this case qualifies as a second or successive application.   Therefore, a certificate of appealability will not issue.

### IV.   <u>Conclusion and Order</u>

Based on the foregoing, the court **ORDERS** as follows:

1.    The Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Terrence Rhodetric Phillips (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of jurisdiction as an unauthorized successive application.

2.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 2nd day of October, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE